## FINDINGS OF FACT AND DECISION

| | |
|---|---|
| Case No. | 100154 |
| SED ID No. | 14670 |
| Student's Name: | M█ A█████ |
| Date of Birth: | September 11, 1999 |
| District: | 2 |
| Hearing Requested by: | Parents |
| Date of Hearing: | July 8, 2005 |
| Record Close Date: | July 21, 2005 |
| Hearing Officer: | Mindy G. Wolman, Esq. |

Findings of Fact and Decision                                                                              1
Case No. 100154

NAMES AND TITLES OF PERSONS WHO APPEARED ON JULY 8, 2005

| D███ A██████ | Father | |
|---|---|---|
| M███ A██████ | Mother | |
| Eric Nachman, Esq. | Attorney | Parents |
| Kathleen Deane | CSE Chairperson's Designee | Department of Education |
| Leah Kaufenbaum (By Telephone) | Home to School Liaison | Parents |
| Jill Murphy Cochrane (By Telephone) | Speech-Language Pathologist | Parents |
| Jacquelin Hickey (By Telephone) | Associate Education Director | Parents |

**DOCUMENTS ENTERED INTO THE RECORD JULY 8, 2005**

| | | |
|---|---|---|
| P- 1 | Letter from Lorraine Masten, 1/18/04, 3 pp. | Parents |
| P- 2 | Letter to Parents from Jeremy Carr, 2/6/04, 1 p. | Parents |
| P- 3 | Consent for Reevaluation, 3/8/04-3/10/04, 2 pp. | Parents |
| P- 4 | Request for Physical Examination, 3/22/04, 5 pp. | Parents |
| P- 5 | Observation at McCarton, 4/16/04, 2pp. | Parents |
| P- 6 | Individualized Education Program, 5/28/04, 16 pp. | Parents |
| P- 7 | Occupational Therapy IEP Goals, 8/15/04, 1 p. | Parents |
| P- 8 | The McCarton School Speech & Language Goals, 9/04-8/05, 5 pp. | Parents |
| P- 9 | McCarton-developed IEP, 9/04-8/05, 15 pp. | Parents |
| P- 10 | Updated McCarton-developed IEP, 9/04-8/05, 11 pp. | Parents |
| P- 11 | Speech and Language Progress Report, 1/20/05, 4 pp. | Parents |
| P- 12 | Educational Progress Report - The McCarton School, 2/1/05, 3 pp. | Parents |
| P- 13 | Occupational Therapy Progress Report, 2/2/05, 4 pp. | Parents |
| P- 14 | Educational Progress Report - YAI/NY/LIFESTART, undated, 3 pp. | Parents |
| P- 15 | Parent Survey, undated, 1 p. | Parents |
| P- 16 | Assessment of Basic Language and Learning Skills, undated, 3 pp. | Parents |
| P- 17 | Demand for Due Process, 8/17/03, 3 pp. | Parents |
| P- 18 | Reinstatement Letter, 6/16/05, 1 p. | Parents |
| P- 19 | Request for Emergency Pendency Order, 7/5/05, 3 pp. | Parents |

On June 16, 2005, the parents of M█A., by their attorneys, Mayerson & Associates, filed a request for an impartial hearing under the Individuals with Disabilities Education Act, 20 U.S.C. section 1415(f)(1). I was appointed as hearing officer on June 17, 2005 and the matter came on for a hearing on July 8, 2005. Lists of the persons who appeared at the hearing and the documentary evidence submitted are appended to this Order. The compliance date for issuing a decision was not extended.

An Order on Pendency was issued in this case on July 12, 2005. That order directed the Department of Education to continue to provide three hours per week of home-based SEIT ABA services from YAI/Lifestart as student's pendency placement during the pendency of the within impartial hearing and any appeal to the State Review Officer.

## BACKGROUND AND POSITIONS OF THE PARTIES

M█ is five years old and has been diagnosed with Pervasive Developmental Disorder, which is an autistic spectrum disorder. He classified as a preschool student with a disability. His parents obtained services for him from the McCarton School and private therapists during the 2004-2005 school year and the Summer of 2005. They seek an order reimbursing them for the cost of tuition at the McCarton School and for the additional serves that they obtained from the McCarton School and from a private therapist.

The Department of Education conceded that cannot it meet its burden of proof under the first of the three prongs of the Burlington/Carter criteria for reimbursement. It also conceded that equitable factors supported the parents' request for reimbursement, thereby conceding the third of the three prongs of the Burlington/Carter criteria for reimbursement. It did not, however, agree that the program and services obtain by the parents met M█s special education needs. The Department of Education requested that the parents' claim for reimbursement be denied.

## TESTIMONY AND EVIDENCE

The Department of Education did not present any testimony or offer any documentary evidence.

Both of M█s parents testified at the hearing. They also presented the testimony of Leah Kaufenbaum (the home to school coordinator from the McCarton School), Jill Murphy Cochrane

(Max's speech language pathologist from the McCarton School) and Jacquelin Hickey (the

McCarton School Associate Education Director).  Their documentary evidence included

Individualized Education Programs ("IEPs"), evaluations, progress reports, and correspondence.

    The testimony and documentary evidence will be discussed more fully below.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    A board of education may be required to pay for educational services obtained for a child

by the child's parent, if the services offered by the board of education were inadequate or

inappropriate, the services selected by the parent were appropriate, and equitable considerations

support the parent's claim. (School Committee of the Town of Burlington v. Department of

Education, Massachusetts, 471 U.S. 359 [1985]). The fact that the facility selected by the parents

to provide special education services to the child is not approved as a school for children with

disabilities by the State Education Department is not dispositive of the parents' claim for tuition

reimbursement (Florence County School District Four et al. v. Carter by Carter, 510 U.S.

7[1993]).

    Since the Department of Education has conceded prongs one and three of the

Burlington/Carter analysis, the sole issue for this decision is whether the placement chosen by

the parents is appropriate. The parents have the burden of proving that the program and services

chosen for their child met their child's special education needs.

    The program chosen by M███s parents included the following: five days per week at the

McCarton School (with ABA therapy, speech and language therapy and occupational therapy),

three hours per week of additional speech and language therapy after school through a therapist

provided by the McCarton School, and thirteen hours of home-based ABA (five hours provided

by a therapist from the McCarton School, five hours provided by a private therapist, and three

hours provided by YAI/Lifestart). The ABA/SEIT services provided by YAI were paid for the

Department of Education (those services were the subject of the pendency order issued in this

case).

Findings of Fact and Decision                                              4
Case No. 100154

The cost of the tuition and services paid for by M⬛s parents is as follows (Tr.  7/8/05 at 72-74, 79-81, 83):

| | |
|---|---|
| McCarton School tuition: | $70.000.00 |
| Additional Speech/Language therapy: (through the McCarton School) | 155.00/hour |
| Home-based ABA from McCarton School: | $130.00/hour |
| Home-based ABA from private provider: | $ 40.00/hour |

The McCarton School is a school for autistic children.  It applies a one-to-one model throughout the school day.(Tr. 7/8/05 at 53-55)  The school has an IEP that addresses M⬛s expressive and receptive language, social and leisure skills, pre-academic skills, daily living skills, and behavior (Exh. 9). The school also has occupational therapy goals for him (Exh. P-7). M⬛receives occupational therapy and speech and language therapy as part of his regular program at the McCarton School. The witnesses at the hearing all opined that M⬛ was benefitting from his additional home services, and that the services were a necessary component of his educational program.  According to the undisputed testimony at the hearing and the various progress reports offered as documentary evidence (Exhs. P-11, P-12, and P-13), Max has made progress in all areas. Based upon my review of the unrebutted testimony and documentary evidence in this case, I find that the program chosen by M⬛s parents was appropriate. It clearly met his special education needs.

**ORDER**

It is hereby ordered that:

1.      The Department of Education is directed to reimburse M⬛s parents, upon submission of proof of payment, for the following expenses for tuition and services for the 2004-2005 school year and for the Summer of 2005:

A.      Tuition payments to the McCarton School, in an amount not to exceed $70,000.00; and

B.      The cost of after-school ABA therapy from staff supplied by the McCarton School for five hours per week from September 1, 2004 through August 31, 2005 in an amount not to exceed $130.00 per hour; and

C.      The cost of after-school speech and language therapy from staff supplied

Findings of Fact and Decision                                                    5
Case No. 100154

           by the McCarton School for three hours per week from September 1, 2004

           through August 31, 2005 in an amount not to exceed $155.00 per hour

D.      The cost of after-school ABA therapy from a private provider for five

           hours per week from September 1, 2004 through August 31, 2005 for

           twelve months in an amount not to exceed $ 40.00 per hour.

Dated: July 31, 2005

                                 MINDY G. WOLMAN, ESQ.
                                 Impartial Hearing Officer

## PLEASE TAKE NOTICE

      **Within 35 days of the date of this decision, the parent and/or the Board of Education of the City of New York has a right to appeal the decision to the State Review Officer of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act.**

      **"The notice of intention to seek review shall be served upon the school district not less than 10 days before service of a copy of the petition for review upon such school district, and within 25 days from the date of the decision sought to be reviewed. The petition for review shall be served upon the school district within 35 days from the date of the decision sought to be reviewed. If the decision has been served by mail upon petitioner, the date of mailing and the four days subsequent thereto shall be excluded in computing the 25- or 35-day period." (8NYCRR279.2[b]) Failure to file the notice of intention to seek review is a waiver of the right to appeal this decision.**

      **Directions and sample forms for filing an appeal are included with this decision. Directions and forms can also be found in the Office of State Review website: www.sro.nysed.gov/appeals.htm**

# FINDINGS OF FACT AND DECISION

Case Number:            107554

Student's Name:         M█ A███████

Date of Birth:          September 9, 1999

District:               2

Hearing Requested By:   Parent

Date of Hearing:        November 29, 2006
                        February 6, 2007
                        February 7, 2007

Hearing Officer:        Susan C. Lushing, Esq.

Case No.   107554

NAMES AND TITLES OF PERSONS WHO APPEARED NOVEMBER 29, 2006

| | | |
|---|---|---|
| Gary Mayerson | Attorney | Parent |
| Jane O'Conner | Chairperson Designee, CSE District 2 | Department of Education |

NAMES AND TITLES OF PERSONS WHO APPEARED FEBRUARY 6, 2007

| | | |
|---|---|---|
| Gary Mayerson | Attorney | Parent |
| D████ A██████ | Parent | |
| M██████ A█████ | Parent | |
| Carol Fiorile | Behavioral Analyst | Parent |
| Laura Prestia | S&L Provider | Parent |
| Tamar Frankel | ABA Provider | Parent |
| Bari Toor | OT Provider | Parent |
| Ivy Feldman | Educational Director McCarton School | Parent |
| Sharon Tublin | Chairperson Designee, CSE District 2 | Department of Education |

Case No.   107554

I was appointed as the Impartial Hearing Officer in this matter on February 2, 2007 and an impartial hearing was held on February 6, 2007. At the joint request of the parties, the compliance date was extended to March 30, 2007. Gary Mayerson Esq. represented the parent and Sharon Tublin appeared as the District 2 representative. The parent is requesting reimbursement for tuition at the McCarton School as well as for Applied Behavioral Analysis (ABA) and speech services after school. The Department of Education (DOE) conceded it did not offer Free Appropriate Public Education (FAPE) to this student for the 2006-2007 school year in the Individualized Education Program (IEP) dated May 26, 2006 which recommended a 12-month program in a 6:1:1 class in a special school with Occupational Therapy (OT) and speech for 3.5 hours each 1:1. (Exhibit B)

PARENTS' CASE

The parents called six witnesses and offered 18 documents in evidence as Exhibits A-R. **Dr. Carol Fiorile** has a PhD in the area of applied behavioral analysis and has been working with autistic students for more than 12 years. She has served as a consultant to both parents and school districts. She observed this student on January 10, 2007 for about four hours: at the McCarton School in class and while he received OT in the sensory gym and after-school during ABA and speech. She also communicated with the teachers and then prepared a report (Exhibit O). In her opinion McCarton is an extremely appropriate placement for the student. He needs the one-on-one teaching it provides as he has two interfering behaviors that affect his attention: if left alone he doesn't pay attention and is likely to distract himself with delayed private scripted conversation (palilalia). He requires and responds to redirection and Dr. Fiorile noticed the use of behavioral momentum which is an appropriate strategy for him involving 1-step commands and non-verbal imitation. The school has a DRO (differential reinforcement of other) behavioral plan to address his frequent calling out in class (Exhibit J). The student has been making meaningful progress year-to-year as measured on the ABLLS assessment of basic language learning skills (Exhibit I) and his rate of progress is likely to increase as he acquires the building blocks to map and to learn on his own. Dr. Fiorile was impressed with the skill of the after-school speech provider who helped the student spontaneously and accurately communicate via a highly evolved picture system. She also found the

sensory gym and the after-school ABA intervention to be appropriate and helpful. (30-74).

**Laura Prestia** provides speech and language services to the student, five hours per week in his class at the McCarton Center and one hour a week after-school.  There is another provider who works with him for an additional hour after school for a total of seven hours per week. In her progress report she actually recommended four after-school hours to help him advance more quickly now that he is older. (Exhibit G). He needs a high level of service and frequent opportunity for generalization as without such repetition he does not retain what he is learning and exhibits regression. It is important that his therapists use the PROMPT system to manipulate the tongue, mouth and musculature of his face to help him develop intelligible articulation. They are working with him, and he has made progress, in the following areas: receptive and expressive language skills such as acquiring vocabulary and processing and organizing information; pragmatic language skills to improve his social interaction with his peers by learning how to ask and answer questions and using visual supports to communicate. (75-91).

**Tamar Frankel** is one of the ABA teachers in the student's classroom at McCarton and the liaison with the family. Even in a small class of five students, the student needs 1:1 support for redirection to prevent him from losing focus and getting anxious. The teachers provide him with visual support and have implemented a strict behavioral program to address disruptive behaviors in the classroom. He learns best with repetition and individual instruction and with them, has been making good progress. (95-98). **Bari Toor** and another therapist provide OT to the student at the McCarton School five times a week for 45 minutes. He has made meaningful progress but has a long way to go as his sensory processing skills are very delayed. (Exhibit F). He has difficulty in regulating his body and that affects his ability to do fine motor tasks like writing as well as activities of daily living. He benefits from using the sensory gym multiple times a day as it enables him to be more focused and attentive in the classroom. (99-106).

**Dr. Ivy Feldman** is the educational director of the McCarton School where tuition for the 12-month is $84,000. He is doing well at the school (Exhibit E) but needs an extended educational day because without the speech and ABA services after school

Case No.  107554

he would not be generalizing the skills learned in class and would not be occupying his time appropriately. The interfering behaviors after school would interfere with his programming during the next school day. (106-113). **The mother** testified that she is seeking reimbursement for the tuition at the McCarton School and for after-school services by providers affiliated with the school consisting of 3.5 hours of ABA at $130 per hour and 2 hours of speech at $155 per hour. In addition from September to December 2006, Alaina Goldenberg, an accredited ABA provider, worked with the student at home and in activities in the community and provided parent training and counseling, for about 6.5 hours per week at $75 per hour (Exhibit N). The parents responded to all DOE correspondence, attended all IEP meetings and attempted to visit the recommended public schools. (114-135).

FF AND D

A Board of Education may be required to reimburse parents for their costs if the services offered by the Board are inappropriate, the services selected by the parents are appropriate and equitable considerations support the parents claim. School Committee of Burlington v Department of Education of Massachusetts, 471 U.S. 359 (1985), Florence County School District Four v Carter by Carter, 510 U.S. 7 (1993). The burden of proof now rests on the parent as to all recommendations being challenged as well as to prongs two and three.

As to prong one, the DOE has conceded it did not meet the requirements of FAPE and did not make an appropriate placement recommendation for the 2006-07 school year. Turning to prong two, I find that through the testimony of the expert witness, the service providers and by documentary evidence, the parent has demonstrated that 1) this student is receiving educational benefit at the McCarton School and 2) needs supplementary after-school services in speech and ABA. Because of behaviors that interfere with his ability to attend, he requires a small class and does best with 1:1 attention. This is being provided at the McCarton School in a class of five students with an ABA-trained provider assigned to him during the school day. The school has a strict behavior plan to address his interfering behaviors and regularly maintains data to mark his progress. The parent has added 3.5 hours of ABA services by McCarton providers after school and I find the

evidence supports the appropriateness of these extended services to prevent regression and to facilitate generalization of learned skills. Between September and December 2006 the parent also arranged for additional ABA hours at home and in the community by an ABA-accredited provider at $75 per hour and I find this to be appropriate.

As to related services, in recognition of his multiple educational deficits, the Committee on Special Education (CSE) recommended a 12-month school year, seven one-half hour sessions of both speech and OT per week. (Exhibit B).  Although there are five hours of speech services weekly at the school, he has marked delays in expressive, receptive and social language and needs intensive additional sessions after school. The parent has arranged for two extra hours of speech and is entitled to reimbursement for them. Again daily during the school day the student is provided with OT services for 45 minutes, including time in a sensory gym. This exceeds the 3.5 hours on the IEP but I find the evidence supports the appropriateness of the extended services to increase his body awareness, his fine motor skills and his proficiency with tasks of daily living.

Finally the parent has been cooperative with the CSE throughout, participating in scheduled CSE meetings, promptly communicating with the DOE and contacting the recommended public school.

THEREFORE IT IS ORDERED that upon proof of payment, the DOE reimburse the parents for the 12-month 2006-2007 school year

1)  for $84,000, the tuition cost at the McCarton School,

2)  for 3.5 hours of additional ABA therapy per week at $ !30 per hour,

3)  for 2 hours of additional speech therapy per week at $155 per hour,

4)  for ABA services provided by Alaina Goldenberg between September and December 2006 at a rate of $75 per hour not to exceed 6.5 hours per week.

Dated:  March 21, 2007

SUSAN C. LUSHING, ESQ.
Impartial Hearing Officer

SCL:nn

Hearing Officer's Findings of Fact and Decision                                         6

Case No.   107554

**PLEASE TAKE NOTICE**

Within 35 days of the date of this decision, the parent and/or the New York City Department of Education has a right to appeal the decision to the State Review Officer of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act.

"The notice of intention to seek review shall be served upon the school district not less than 10 days before service of a copy of the petition for review upon such school district, and within 25 days from the date of the decision sought to be reviewed.  The petition for review shall be served upon the school district within 35 days from the date of the decision sought to be reviewed.  If the decision has been served by mail upon petitioner, the date of mailing and the four days subsequent thereto shall be excluded in computing the 25- or 35-day period." (8NYCRR279.2[b])  Failure to file the notice of intention to seek review is a waiver of the right to appeal this decision.

Directions and sample forms for filing an appeal are included with this decision.  Directions and forms can also be found in the Office of State Review website: www.sro.nysed.gov/appeals.htm.

Hearing Officer's Findings of Fact and Decision                                    7

Case No.   107554

## DOCUMENTATION ENTERED INTO RECORD NOVEMBER 29, 2007

| | | |
|---|---|---|
| A. | Impartial Hearing Request, 10/12/06, 5 pp. | Parent |
| B. | IEP, 5/26/06, 13 pp. | Parent |
| C. | Findings of Fact and Decision, 7/31/05, 6 pp. | Parent |

## DOCUMENTATION ENTERED INTO RECORD FEBRUARY 6, 2007

| | | |
|---|---|---|
| D. | Letter from Parent to Mr. Donegan Re:  Final Notice of Recommendation, 6/9/06, 5 pp. | Parent |
| E. | Educational Progress Report, 1/19/07, 4 pp. | Parent |
| F | Occupational Therapy Progress Report with Occupational Therapy IEP Goals Attached, 1/11/07, 5 pp. | Parent |
| G. | Speech/Language Department Progress Report, 2 pp. | Parent |
| H. | The McCarton School IEP, 2006-07, 16 pp. | Parent |
| I. | Assessment of Basic Language and Learning Skills (ABBLS) Skills Tracking System, 2003-2006, 3 pp. | Parent |
| J. | The McCarton School DRO, 9/6/06, 1 p. | Parent |
| K. | The McCarton School Enrollment Contract with Proofs of Payment attached, 7/14/06, 12 pp. | Parent |
| L. | The McCarton School Daily Attendance Record, 2006-07, 1 p. | Parent |
| M. | Invoice History for The McCarton Center, 1/25/07, 1 p. | Parent |
| N. | Invoices and Proof of Payment for Alaina Goldenberg, 2006-07, 42 pp. | Parent |
| O. | Observation Report, 1/17/07, 18 pp. | Parent |
| P. | Dr.'s Fiorile Resume, 5 pp. | Parent |
| Q. | Signed Stipulation, 1/07,  6 pp. | Parent |
| R. | McCarton Affidavit, 1/25/07, 1 p. | Parent |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------

D.A. and M.A., on behalf of M.A.,

                                        Plaintiffs,

            - against -                              **COMPLAINT**

New York City Department of Education,               **08 CV 2785 (TPG)**

                                        Defendant.

----------------------------------------------------------------

        Plaintiffs, D.A. and M.A., on behalf of M.A., by their attorneys, Mayerson & Associates,

as and for their Complaint, allege and states the following:

    1.  Plaintiff M.A., the son of plaintiffs D.A. and M.A., is a minor child who has been

diagnosed with a serious autism spectrum disorder.  M.A. was at all relevant times was and is a

student residing within the New York City School District entitled to all rights, entitlements, and

procedural safeguards mandated by applicable law and statutes including, but not limited to the

Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, *et. seq.*,

the pertinent implementing regulations promulgated under the Code of Federal Regulations,

Article 89 of the New York State Education law and Part 200 of the Commissioner's

Regulations.

    2.  Plaintiffs D.A. and M.A. are the parents of M.A.  Plaintiffs are residents of the State of

New York, residing at all relevant times at an address, in Manhattan, within the New York City

School District.

3.  M.A. and his parents D.A. and M.A. are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEIA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. § 99.

4.  Defendant New York City Department of Education ("NYCDOE"), upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the agency charged with the obligations to provide M.A. with a free and appropriate public education ("FAPE"), *see infra*, ¶ 8.

## THE RELIEF BEING SOUGHT

5.  This action is brought pursuant to the provisions of 20 U.S.C. § 1400, *et. seq.*, more commonly known as the IDEIA and, in particular, 20 U.S.C. §§ 1415(i)(2) and (3).  *See also*, 34 C.F.R. §§ 300.516 and 300.517.

6.  This action is being brought to secure statutory attorneys' fees that plaintiffs are entitled to recover pursuant to the fee-shifting provisions of the federal IDEIA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).  D.A. and M.A., on behalf of M.A., should be awarded attorneys' fees as the "substantially prevailing party" in a due process hearing for the 2004-2005 and 2006-2007 school years under New York City Impartial Hearing Office Case Numbers 107554 and 100154, respectively.

## JURISDICTION AND VENUE

7.  This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the

amount in controversy.  Venue is proper in that plaintiff and defendant both reside in or are situated in this District.

8.  Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a disability.  The FAPE required under IDEIA will be different for each child, as IDEIA does not permit a "one size fits all" approach.

### FACTUAL BACKGROUND FOR THE 2004-2005 SCHOOL YEAR

9.  On or about August 17, 2004, D.A. and M.A., through their attorneys, Mayerson & Associates, filed for an impartial hearing at the administrative level in an effort to secure reimbursement and other relief relating to the 2004-2005 school year for the cost and expenses of M.A.'s tuition and related services.  M.A.'s parents filed for due process due to the NYCDOE's failure to recommend and provide an appropriate placement and program individualized for M.A.'s specialized needs.

10. The evidentiary hearing on this matter took place on July 8, 2005.  Eric Nachman, Esq., of Mayerson & Associates represented the plaintiffs.  The NYCDOE conceded they did not provide M.A. with an appropriate program, thereby sustaining (in plaintiffs' favor) Prong I of the Burlington/Carter test for relief.[1]

11. The impartial hearing officer heard testimony from M.A.'s witnesses regarding the appropriateness of the services provided by private providers secured by M.A.'s parents (Prong

---

[1] Reference is made to School Committee of Burlington v. Dept. of Educ. of Massachusetts, 471 U.S. 359, 105 S.Ct. 1996 (1985), and Florence Court School Dist. Four v. Carter, 510 U.S. 7, 114 S.Ct. 361 (1993), which set the standards for determining whether a handicapped child's unilateral educational placement is eligible for reimbursement relief.

II).  The NYCDOE did not offer any testimony, documentary evidence, or argument challenging the appropriateness of the program privately arranged by M.A.'s parents.  The hearing officer then heard evidence regarding "equitable circumstances" (Prong III).

12. By "Findings of Fact and Decision" dated July 31, 2005, Impartial Hearing Officer Mindy Wolman, Esq., rendered an award in favor of plaintiffs, establishing plaintiffs as the substantially prevailing party in the 2004-2005 administrative due process proceeding.[2] Defendant never appealed from this decision, which thus became final and non-appealable on or about September 5, 2005.

## FACTUAL BACKGROUND FOR THE 2006-2007 SCHOOL YEAR

13. On or about October 12, 2006, D.A. and M.A., through their attorneys, Mayerson & Associates, filed for an impartial hearing at the administrative level in an effort to secure reimbursement and other relief relating to the 2006-2007 school year for the cost and expenses of M.A.'s program and services.  M.A.'s parents filed for due process due to the NYCDOE's failure to recommend and provide an appropriate placement and program individualized for M.A.'s specialized needs.

14. The evidentiary hearing on this matter took place on November 29, 2006, and February 6 and 7, 2007. Gary S. Mayerson, Esq. of Mayerson & Associates represented the plaintiffs.  The NYCDOE conceded they did not provide M.A. with an appropriate program, thereby sustaining (in plaintiffs' favor) Prong I of the Burlington/Carter test for relief.[3]

---

[2] A redacted copy of this decision is annexed hereto as Exhibit A.  Please note that all exhibits have been redacted so as to protect the privacy of the family.  See ¶ 3.

[3] Reference is made to School Committee of Burlington v. Dept. of Educ. of Massachusetts, 471 U.S. 359, 105 S.Ct. 1996 (1985), and Florence Court School Dist. Four v. Carter, 510 U.S. 7, 114 S.Ct. 361 (1993), which set the standards for determining whether a handicapped child's unilateral educational placement is eligible for reimbursement relief.

15. The impartial hearing officer heard testimony from M.A.'s witnesses regarding the appropriateness of the services provided by private providers secured by M.A.'s parents (Prong II). The NYCDOE did not offer any testimony or documentary evidence regarding the claims raised by M.A.'s parents. The hearing officer then heard evidence on Prong III.

16. By "Findings of Fact and Decision" dated March 21, 2007, Impartial Hearing Officer Susan C. Lushing, Esq., rendered an award in favor of plaintiffs, establishing plaintiffs as the substantially prevailing party in this administrative due process proceeding.[4] Defendant never appealed from this underlying administrative decision, which thus became final and non-appealable on or about April 26, 2007.

## CONCLUSION

17. The defendant is liable to pay plaintiffs their reasonable attorneys' fees arising out of M.A.'s successive IDEIA administrative due process proceedings, and in this action, at plaintiffs' counsel's current "prevailing" rates. The fees requested herein are entirely reasonable and appropriate because:

(a) upon information and belief, plaintiffs' attorneys' office is the only firm in the country whose practice is devoted almost exclusively to representing children and adolescents with autism spectrum disorders, like M.A., in educational rights disputes;

(b) the principal of plaintiffs' attorneys' firm has testified before the United States Congress on the subject of the educational rights of children diagnosed with autism spectrum disorders;

(c) plaintiffs' attorneys have published and presented on the subject of the educational rights of children diagnosed with autism spectrum disorders;

---

[4] A redacted copy of the decision has been annexed hereto as Exhibit B.

(d) plaintiffs' attorneys have special knowledge and expertise concerning the educational needs of children diagnosed with autism spectrum disorders;

(e) plaintiffs' attorneys' office has represented children with autism spectrum disorders in numerous states across the nation, and has consulted to families outside of the United States; and

(f) to the extent that there is a "prevailing rate" in the Southern District of New York for sophisticated autism intervention cases, plaintiffs' attorneys' prevailing rates are reasonable and within the applicable standard.

18. Necessary duties involved with preparing M.A.'s cases for administrative due process hearings for the 2004-2005 and 2006-2007 school years included, but were not limited to: (a) corresponding with plaintiff and M.A.'s service providers; (b) holding numerous telephone conferences; (c) writing and filing impartial due process hearing requests; (d) reviewing and disclosing documentary information relevant to M.A.'s claims; (e) scheduling and preparing witnesses to testify at the hearings; (f) developing effective case presentations for the 2004-2005 and 2006-2007 school years; and (g) preparing closing statements.

19. Additional fees and costs have been incurred, and will continue to be incurred in this action.

20. For all of the above efforts, plaintiffs should be awarded attorneys' fees, related costs and disbursements for the 2004-2005 and 2006-2007 school years in an amount to be set by this Court, at plaintiffs' counsel's prevailing rates.

**PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award plaintiffs their statutory attorneys' fees and related costs and disbursements from the IDEIA due process proceedings for the 2004-2005 and 2006-2007 school years in an amount to be set by the Court, at plaintiffs' counsel's prevailing rates, (b) award plaintiffs the attorneys' fees and related costs and disbursements associated with this action in an amount to be set by the Court, and (c) award plaintiffs such other, different and further relief as this Court deems proper.

Dated: March 14, 2008
      New York, New York

                                       Gary S. Mayerson (GSM 8413)
                                       Mayerson & Associates
                                       330 West 38th Street, Suite 600
                                       New York, New York 10018
                                       (212) 265-7200
                                       (212) 265-1735 (facsimile)
                                       mauricio@mayerslaw.com